Jake Jewell, plaintiff below, appeals from an amended decree entered by the trial court after remand by this court following appeal by him from original decree. The decree now appealed from purports to award Jewell damages against defendant below, Jackson Whitsitt Cotton Company, a Copartnership. It also ordered return of 30,472 pounds (127 bales) of cotton to him upon payment of thirty-five cents (35¢) per pound therefor by Jackson Whitsitt.
 The Case
This is the second appearance of this case before this court. The decision of this court, dated 8 May 1975, "affirmed in part, reversed in part and remanded with directions." Jewell v.Jackson Whitsitt Cotton Co., 294 Ala. 112, 313 So.2d 157.
For the genesis, nature and history of the litigation to 8 May 1975 see Jewell, supra. In that opinion this court found the trial court misapplied the law to the facts; Justice Merrill writing:
 "* * * the court erred in requiring that `a total amount of cotton, amounting to 690 pounds multiplied by 142.6 acres' be turned over to appellee by Jewell. Instead, the decree or order should provide that the 143 bales of cotton produced on Jewell's cotton allotment acreage (142.6 acres) be adjudged as the performance and settlement in full by Jewell under the contract in issue, and that the remaining 127 bales produced on the 140 additional acres be adjudged free of any claim by appellee."
 The Facts
Upon remand, proceedings were held for the purpose of determining how the trial *Page 625 
court should comply with the Supreme Court's decision and opinion. Contentions of the parties regarding application of this court's order were heard. Closure of the proceedings was effectuated by the trial court stating:
 "I am going to review the contentions of the parties and I will enter an order thereafter; that order will either order an evidentiary hearing or it will deny an evidentiary hearing and you will [be] notified as to the date it will be set for."
Subsequently, without an evidentiary hearing, the amended decree was entered which ordered that Jackson Whitsitt return to Jewell 127 bales of cotton for which Jackson Whitsitt was to receive remuneration of thirty-five cents (35¢) per pound from Jewell. The trial court further ordered:
 "That the said defendant, Jackson Whitsitt Cotton Co., is ordered to pay to the Plaintiff a sum equal to the difference in the average price per pound of cotton of the same grade and quality as the cotton which is the subject of this law suit on May 14, 1974, and on August 7, 1975, multiplied by 30,472 pounds, together with the interest on said sum computed from May 14, 1974, to this date at the rate of 6% per annum."
Jewell asserts error in the entry of judgment containing that order. We reverse.
 Issue
Was the judgment for damages entered after remand for a sum certain, determinable on its face without resort to extraneous facts, complete and certain in itself so as to terminate all controversies before the court between the litigants?
 Decision and Opinion
A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. Gandy v. Hagler, 245 Ala. 167, 16 So.2d 305; Bell v. Otts, 101 Ala. 186, 12 So. 43. All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own. A judgment for damages to be final must, therefore, be for a sum certain determinable without resort to extraneous facts. Gandy v. Hagler, supra; Drane v. King, 21 Ala. 556.
The amended decree falls far short of the above stated criteria for a final judgment, conclusive and certain in itself. After remand no evidence was taken of market prices showing damages sustained that would enable the trial court to fix them in an amount certain. The trial court's amended decree arbitrarily set dates as being those from which damages should be measured. No evidence was adduced concerning the dates of events involved in this controversy that would facilitate the trial court's determination of pertinent market prices to be employed in computing damages as of those relevant dates — dates of injury under the law. The trial court merely recorded what the parties wished to be allowed to prove, as expounded by their attorneys. The court subsequently "awarded damages," but did so without any evidence as to what those damages were and by what measure they were to be assessed. By the terms of the amended decree the parties were free to go and seek to determine the sum of these damages. Findings as to the dates of injury and pertinent market prices so necessary to assessment of damages may not be left for the parties to determine. To do so would cause the judgment to depend upon facts extrinsic to the record. Such a judgment is not one for sum certain damages amounting to final and certain determination by the court of all matters considered respecting damages. A hearing should be conducted at which evidence can be received on these questions.
Damages for breach of contract are awarded a party for the purpose of returning that party to the same position he would *Page 626 
have occupied if the contract had not been violated. Geohaganv. General Motors Corp., 291 Ala. 167, 279 So.2d 436. For the injured party to be placed in the same position he would be had the contract not been violated, measure of damages must be made from dates of injury. Dates of injury are dates of breaches of contract resulting in injury. This by necessity demands that the trial court have available to it the amount at which the appellant sold the cotton subsequent this court's decision of 8 May 1975, as well as the average price for which cotton sold on a date of injury. Without this evidence there is no method by which the trial court could properly assess damages so as to place Jewell in the same position in which he would have been had the contract not been breached.
The amended order of the trial court is not a final judgment complete and certain in itself and is reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HEFLIN, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.