Shearn Moody, Jr., appeals from a judgment of the Circuit Court of Jefferson County entered 1 November 1976, adjudging him in civil contempt on account of matters arising from receivership proceedings involving Empire Life Insurance Company of America.
The genesis, nature, and history of the Empire receivership are reported in Moody v. State ex rel. Payne, 295 Ala. 299,329 So.2d 73 (1976). Only a brief review of the pertinent facts relating to this appeal is needed here.
On 6 January 1975, the Circuit Court of Jefferson County issued a permanent injunction enjoining Moody and others from filing, or aiding in the filing of, any lawsuit, complaint or legal claim, in any court, related to the Empire receivership or the implementation of any order or decree of the circuit court, without the circuit court's prior approval. This court upheld the injunction on the basis it was expressly authorized by Tit. 28A, § 624 (2), Code (Insurance Code), and supported by the undisputed evidence of record. See Moody v. State ex rel.Payne, supra.
In an order of the circuit court of 30 April 1975, Moody was held in civil contempt of the 6 January injunction for filing on 28 January 1975, in the United States District Court, an amended complaint in Allmon v. Bookout, Middle District of Alabama, Case No. 74-377-N, without obtaining the permission of the circuit court to do so. Allmon was nothing more than an attempt on Moody's behalf to stop the liquidation of Empire and to regain possession of its principal assets. The 30 April order prescribed that Moody do the following in order to purge himself of contempt:
 "(a) Fully comply with all of the provisions of the Court's decree of January 6, 1975. *Page 549 
 "(b) Appear in person before this Court on May 7, 1975, at 8:00 o'clock, A.M., in Room 223, Jefferson County Courthouse, 710 North 21st Street, in the City of Birmingham, Alabama, and then and there explain to this Court:
 "(i) the reasons why the registered letter mailed to Moody on or about February 3, 1975 bearing the return address of this Court was not accepted by Moody when delivered to him;
 "(ii) the reasons why Moody failed to appear before this Court at the proceedings held herein on March 10, 1975;
 "(c) Take whatever action may be necessary to withdraw or cause to be withdrawn any and all support (financial or otherwise), aid or assistance which the said Shearn Moody, Jr. has provided or continues to provide to any of his agents, servants, employees or attorneys, which support, aid or assistance relates to the filing or maintenance of that certain case now pending on appeal from the United States District Court for the Middle District of Alabama, Northern Division, being Case No. 74-377-N, styled as follows: WILLIE ALLMON VS. JOHN G. BOOKOUT, ET AL.
 "(d) File with this Court, within ten (10) days after the entry of this Order, a sworn statement setting forth in detail an accounting of all fees paid and other compensation or things of value furnished, since November 1, 1974 by or on behalf of Moody to any of the following persons or firms: Donald L. Collins; A. Eric Johnston; the firm of Collins Johnston; Dale R. Major; Scott E. Manley; the firm of Saxe, Bacon, Bolen Manley or any of its members or employees.
 "(e) Require that each of the foregoing persons or firms or employees immediately furnish to the said Shearn Moody, Jr. sworn statements setting forth in detail:
 "(i) the amount of any and all fees received by the foregoing persons from Moody or his agents or persons acting in concert with Moody or his agents since November 1, 1974;
 "(ii) the amount of any and all funds expended by the foregoing persons since November 1, 1974, which funds relate in any way to the Allmon lawsuit, the affairs of Empire, its Receiver, or the receivership estate; and
 "(iii) the exact purpose for which such expenditures were made, identifying with particularity the lawsuit, legal proceeding or other matter to which such expenditures were or are related.
 The aforesaid sworn statements shall also itemize with particularity all funds or other compensation advanced by the foregoing persons, firms or employees to any other persons or firm in connection with the Allmon lawsuit. Upon receipt of said sworn statements by Moody, the same shall be forthwith filed with this Court.
 "(f) File with this Court within ten (10) days after the entry of this Order a sworn statement setting forth in detail a record of all meetings and conferences attended by Moody since November 1, 1974 at which the Allmon lawsuit or the matters and things alleged in the Allmon complaint as amended came under discussion. Said sworn statement shall include the dates and places of any such meeting and conference and the names of all persons present.
 "(g) Discharge any and all agents, servants, employees, and attorneys presently employed, directly or indirectly, by or on behalf of Moody, whose employment is or has in any way related to the filing or the litigation of the Allmon suit, unless it be affirmatively shown under oath that any such person had no knowledge of this Court's injunction of January 6, 1975; and provide this Court with written evidence of each such discharge within ten (10) days of entry of this order.
 "(h) Appear in person before this Court on May 12, 1975, at 8:00 o'clock, A.M., in Room 223, Jefferson County Courthouse, 710 North 21st Street in the City of Birmingham, Alabama, and at such further times and places as the Court may direct, and show to the Court that this Order has been fully complied with. *Page 550 
 "(i) Pay to Protective Life Insurance Company and the Receiver any and all costs and expenses incurred by them as a result of the failure and refusal of Moody to comply with the January 6, 1975 order, including, but not limited to, all costs of the contempt proceeding, including costs of investigation, preparation for and conduct of such proceeding, the costs of defending against the Allmon
suit, and any and all reasonable attorneys' fees.
 "(j) Promptly comply with any further orders of this Court relating to this matter."
On 16 June 1976, pursuant to terms of the 30 April order, the circuit court in an ex mero motu order, commanded Moody to appear before the court on 19 July 1976, to demonstrate he had purged himself of civil contempt and had fully complied with the 30 April order.
At the 19 July hearing, after denying Moody's request for a continuance because of his illness and inability to attend, oral testimony was taken and documentary evidence received on behalf of Protective Life Insurance Company, Charles H. Payne, and Moody; all interested parties in this controversy.
On 1 November 1976, the circuit court rendered the judgment which is the subject of this appeal:
 "ONE: Shearn Moody, Jr. has failed to purge himself of civil contempt of this Court.
 "TWO: Shearn Moody, Jr. has failed to comply with the Order of this Court entered April 30, 1975. Moody specifically failed, inter alia, to take the actions required by paragraphs (c), (e), (g), (h) and (j) as set forth on page 7 et seq. of said Order.
 "THREE: Shearn Moody, Jr. is hereby ordered to pay to Protective Life Insurance Company and the Receiver any and all costs, damages, expenses incurred by them as a result of Moody's failure to purge himself of civil contempt, including, but not limited to, those incurred by reason of the appeal in the Allmon action and the proceedings on remand in that action. As regards Protective, determination of the amount of such damages, etc., shall be made at the hearing presently scheduled for determination of the amount of the default judgment entered against Moody and in favor of Protective in the ancillary proceedings. As regards the Receiver, determination of the amount of such damages, etc., shall be made at the time of the hearing on the Receiver's petition for damages against Shearn Moody, Jr. in the ancillary proceedings.
 "FOUR: Protective is entitled to recover and Moody is hereby ordered to pay all costs and expenses incurred by reasons of the investigation, preparation for, and conduct of the civil contempt proceedings, including, but not limited to, the proceedings herein on July 19, 1976. Protective's counsel is further entitled to recover and Moody is hereby ordered to pay reasonable attorneys' fees attributable to the civil contempt proceedings. The amount of such costs, expenses, and attorneys' fees to be awarded shall be determined by the Court at the hearing presently scheduled for determination of the amount of the default judgment.
 "FIVE: Shearn Moody, Jr. is hereby ordered to comply with any further orders, decrees, and judgments of this Court relating to this matter."
We cannot reach the merits of this review. A procedural question disposes of this case. In a motion to dismiss filed with this court, and in brief, Protective and Payne urge this court to dismiss Moody's appeal on the ground the judgment appealed from is not a final judgment within the meaning of § 754, Tit. 7, Code.
Appellees contend the first two paragraphs of the decree merely declare Moody has failed to purge himself of civil contempt and has failed to comply with the 30 April order. Further, they add, the second two paragraphs ordered Moody to pay to Protective, and to the Receiver, certain damages sustained by them as a proximate consequence of the contempt; this is expressly interlocutory in that determination *Page 551 
of damages is specifically set for hearing at a future date.
In opposition, Moody argues that a judgment may be final and support an appeal even though it leaves some issues undecided and some proceedings yet to be held. The test for finality of a judgment, Moody contends, is whether it ascertains and declares the rights of the parties. Moody submits that by this test the 1 November judgment is unquestionably a final judgment. We disagree.
Section 754 of Tit. 7, Code, provides for appeal to this court "From any final judgment or decree of the circuit court * * *." No authority need be cited for the proposition that afinal judgment is necessary to give jurisdiction to this court on appeal.
The decisive issue raised by these contentions is whether an order and decree which establishes liability for damages but defers determination of the amount for later hearing is a final judgment. We answer no, and dismiss the appeal.
Last term we restated a definition of "final judgment" inJewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623 (Ala. 1976). There we said:
 "A final judgment is a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself. (citations omitted) All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own. A judgment for damages to be final must, therefore, be for a sum certain determinable without resort to extraneous facts. (citations omitted)"
Measured by these criteria, it is clear that the finality of the 1 November order and decree is defective due to the uncertainty of the amount of damages Moody is ordered to pay and postponement of their determination until a later hearing. No one would challenge the circuit court's authority to assess the amount of damages owed, but there is want of finality on this material issue when it is set to be litigated later. There is no need to review the 1 November order and decree and then be faced with an appeal from the assessment of damages. This would conflict with our general policy against piecemeal review.
Where the amount of damages is an issue, as here, the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages. See McGowinInvestment Co. v. Johnstone, 291 Ala. 714, 287 So.2d 835
(1973). The cases cited by Moody in support of his contention are factually distinguishable from the instant case; none of those cases involved judgments awarding damages which were to be assessed at a subsequent hearing. Moody, in oral argument, intimates there is statutory authority for this appeal because the 1 November order was a part of the Empire receivership proceedings as contemplated in § 622 (5) of Tit. 28A, Code (Insurance Code), which provides:
 "An appeal shall lie to the supreme court of Alabama from an order granting or refusing rehabilitation, liquidation, or conservation, and from every order in delinquency proceedings having the character of a final order or decree as to the particular portion of the proceedings embraced therein." (emphasis added)
However, we do not hesitate to hold the same criteria applicable to § 754, Tit. 7, Code, are applicable to determine what has the character of a final order or decree within the purview of § 622 (5), Tit. 28A, Code. Applying those criteria, we find the 1 November order fails to assess the damages in the portion of the receivership proceedings dealing with civil contempt in the particulars alluded to in that order.
Because of the adjudicatory nature of the 1 November order and decree, and the absence of any petition for a declaratory judgment, there is no need to address Moody's final contention that the order and *Page 552 
decree is appealable as a declaratory judgment. The 1 November order and decree is not a final judgment, complete and certain in itself; and therefore, the appeal must be dismissed as premature.
APPEAL DISMISSED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur.