Ford Motor Company ("Ford") and Charles Townsend Ford, Inc. ("Townsend"), have appealed from the trial court's order denying their motion for a JNOV or a new trial, following the entry of an order based on *Page 1239 
a jury verdict in favor of Steve Tunnell and Susan Tunnell. The Tunnells made several claims, including claims of breach of warranty and a claim that they had revoked their acceptance of a new 1990 Ford F-350 truck they had purchased from Townsend for $24,659 ($23,579 sales price plus $1,080 for an extended warranty).
 I.
On December 20, 1991, the Tunnells sued Ford, Ford Motor Credit Corporation ("FMCC"), and Townsend. The Tunnells alleged that Ford had breached its express warranty in regard to the F-350 truck they had purchased in May 1990 and that the warranty had failed of its essential purpose. They also claimed that Townsend had breached both express and implied warranties and had negligently repaired the vehicle, and they claimed they had revoked their acceptance of the truck. FMCC was sued on the basis of its position as assignee of the retail sales contract. The Tunnells dismissed their claim for negligent repair, and the trial court entered a summary judgment in favor of FMCC on all claims and a partial summary judgment in favor of Townsend on the implied warranty claim.
The case went to trial on the Tunnells' claims against Ford for breach of its express warranty and that warranty's failure of its essential purpose and their claim against Townsend alleging breach of an express warranty and claiming revocation of acceptance. The Tunnells sought damages for economic loss and damages for mental anguish. The jury found in favor of the Tunnells and against Ford and awarded damages of $32,500. The jury also granted the Tunnells' claim for revocation of acceptance, although it found that Townsend had not breached an express warranty.
The Tunnells then moved for an award of attorney fees under Ala. Code 1975, § 8-20-8, based on the jury's verdict against Ford. The trial court granted attorney fees of $13,707.50. Ford and Townsend filed motions for JNOV or, in the alternative, a new trial, and they also filed a joint motion for the Tunnells to elect their remedy, whether revocation of acceptance or damages for breach of warranty. The trial court denied these motions, but conditioned denial of Townsend's motion for a new trial on the Tunnells' acceptance of a $4,590.75 remittitur of the damages award, based on the Tunnells' wrongful use of the vehicle after revoking their acceptance.
 II.
As noted above, Ford and Townsend have appealed, contending that the trial court erred in denying their motion for JNOV or a new trial and in awarding attorney fees to the Tunnells under § 8-20-8. However, we are unable to reach the merits of those issues at this time. The Tunnells have moved to dismiss this appeal, contending that the trial court's post-judgment order was not a final judgment and was therefore not appealable, citing Ala. Code 1975, § 12-22-2. The Tunnells claim that the order did not provide a final adjudication on the issue of damages, and therefore that the trial court's order is interlocutory rather than final.
The following is the portion of the trial court's order that the Tunnells have placed at issue:
 "Defendants' motion to require the plaintiff to elect remedies is overruled and denied without prejudice to either defendant's right to petition the court to have the judgment satisfied as to one defendant, to the extent the first defendant pays the other defendant's damages. That is, for example, should defendant Ford pay the judgment against it, which would include damages for the value of the vehicle, the judgment against Townsend may be partially or wholly satisfied."
The Tunnells contend that the effect of this language is to "reserve unto the trial court the right to determine in the future, upon payment by one of the appellants of the judgment against it, whether or not the other appellant is entitled to have its judgment partially or wholly satisfied." The Tunnells argue that there is no final judgment to appeal from because, they say, "there is no adjudication of the issue of damages by ascertainment of the amount of damages either appellant will be obligated to pay until one or *Page 1240 
the other of those appellants has paid the amount of the judgment against it."
 III.
This Court has defined a final judgment as "a terminative decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court. That is, it must be conclusive and certain in itself." Jewell v. Jackson Whitsitt Cotton Co.,331 So.2d 623, 625 (Ala. 1976). Further, we had stated: "All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own." Jewell, 331 So.2d at 625.
Applying this definition to the order appealed from and to the facts of this case, we conclude that the order is not a final judgment. The trial court's order is not "conclusive and certain" on the issue of damages, but leaves the exact nature of Ford and Townsend's monetary liability to the Tunnells for a later determination based on uncertain conditions. SeeMoody v. State ex rel. Payne, 351 So.2d 547 (Ala. 1977).
Ford and Townsend are not jointly and severally liable. This is not a tort case; it is a contract case. The Tunnells sued for economic loss and mental anguish relating to their purchase of a Ford truck. The jury's verdict allows the Tunnells a choice of alternative remedies to make them whole for their economic loss; a breach of warranty claim against Ford or, as to Townsend, revocation of acceptance. Either remedy will make them whole; it is up to the Tunnells to choose the remedy they prefer. If they choose the breach of warranty remedy, they would keep the truck and Ford would be liable for the $24,659 purchase price of the truck, less the fair market value of the truck as it was received by the Tunnells,[1] plus the remainder of the $32,500 verdict representing damages for mental anguish. See Ala. Code 1975, § 7-2-714. If the Tunnells choose revocation of acceptance, they would return the truck to Townsend and Townsend would be liable to the Tunnells for the entire $24,659 purchase price. See Ala. Code 1975, § 7-2-608. In addition, Ford would be liable for mental anguish damages in the same amount as if the Tunnells had chosen the breach of warranty remedy.[2]
Ford and Townsend filed a motion with the trial court, before that court entered the order appealed from, requesting that the Tunnells be required to elect their remedy. The trial court denied that motion; that denial meant the order appealed from is not a final judgment. Accordingly, we dismiss this appeal and remand this cause for the trial court to enter an order requiring the Tunnells to elect their choice of remedy; that election will make clear and certain Ford and Townsend's liabilities to the Tunnells. Thereafter, Ford and Townsend may appeal that final judgment and may then raise the issues they have attempted to raise in this appeal.
APPEAL DISMISSED.
MADDOX, SHORES, STEAGALL and INGRAM, JJ., concur.
[1] Steve Tunnell testified at trial that this figure was $2500.
[2] We do not address the issue of the trial court's award of attorney fees to the Tunnells under § 8-20-8, because it is not properly before us at this time. Nor do we address the effect of the Tunnells' acceptance of a remittitur of damages for wrongful use of the vehicle after their revocation of acceptance.