June Young appeals from a summary judgment in favor of James H. Sandlin, Jr., and Cindy S. Schuessler, the personal representatives of the Estate of J.H. Sandlin, deceased (hereinafter "the Estate"), on the Estate's claim for reimbursement of certain proceeds of credit life insurance. We dismiss the appeal because it is not taken from a "final judgment," as that term is used in § 12-22-2, Ala. Code 1975.
The record reveals the following facts. On July 21, 1987, the decedent, J.H. Sandlin ("Sandlin"), borrowed $29,600 from Florence Municipal Credit Union ("the credit union"), executing a note in which he agreed to repay the credit union over a term of 20 years. As security for this repayment obligation, Sandlin mortgaged to the credit union a tract of land that he owned in Lauderdale County. At the time Sandlin executed the note and mortgage, the credit union offered up to $20,000 in loan protection insurance on all loans at no direct cost to the borrowing member.
On December 17, 1987, Sandlin conveyed to Young the tract of land he had previously mortgaged. In return, Young agreed to assume Sandlin's obligation to the credit union secured by the mortgage and to make payments thereupon. Young testified at her deposition that although she agreed to assume the entire balance of Sandlin's debt, she did not attempt to have the credit union change its records so as to reflect her indebtedness; thus, the debt remained in Sandlin's name.
In 1994, Young talked with a loan officer at the credit union about obtaining insurance. When Young told the loan officer that she wanted insurance, she was told that because the loan was in Sandlin's name, he would have to sign any insurance papers. Sandlin thereafter submitted an application for credit life insurance to the credit union, and credit life insurance coverage was extended to Sandlin as the named insured. Although Young was aware that she was not mentioned in any way in the application for insurance, or in the policy, she paid the monthly premiums for this coverage, in addition to her regular loan payment, to the credit union.
The pertinent credit life insurance certificate, issued by the credit life insurer, CUNA Mutual Insurance Society, states that credit life insurance benefits "are paid to your credit union to pay off or reduce your loan," and that "[if] the benefits are more than the balance of your loan, the difference will be paid to you if you are living or to the Beneficiary named by you, if any, or to your estate." "You" and "Your" are defined in the certificate to mean the credit union member and any applicable joint insured. The certificate further provides that if the credit union member dies and is insured for credit life coverage, the insurer will pay the principal balance of the credit union member's loan on the date of his or her death, plus not more than six months' unpaid interest, up to a maximum amount.
Sandlin died on March 27, 1995. On June 28, 1995, and July 3, 1995, the credit union received two checks from CUNA Mutual Insurance *Page 1007 
Society totalling $25,500.60; the credit union applied $25,232.09 to the loan secured by the mortgage Young had agreed to assume and deposited the remaining $268.51 into Sandlin's share account.
The Estate subsequently filed a complaint in the Lauderdale County Circuit Court naming Young as a defendant. In its complaint as amended, the Estate alleged that the credit union's application of the proceeds amounted to a payment by the Estate of a debt owed by Young, and that Young had thereby been unjustly enriched; the Estate further alleged that Young had obtained the proceeds through fraudulent or wrongful means. In addition, the Estate asserted that it was entitled either to a mortgage upon Young's property by right of subrogation to the credit union or to payment of the amount of the policy proceeds. The Estate's complaint demanded compensatory damages in the amount of $25,232.09, unspecified punitive damages, interest and costs.[1]
Young filed a motion for a summary judgment, attaching certain evidentiary exhibits. The Estate filed a response in opposition to this motion and a counter-motion for a summary judgment in its favor on its claims against Young, also attaching evidentiary exhibits. The parties lodged no objections to the trial court's consideration of any of these evidentiary exhibits. The trial court heard argument on these motions and issued an order granting the Estate's motion and purporting to enter a final judgment in favor of the Estate.[2] However, the trial court failed to declare the amount of compensatory and punitive damages to which the Estate is entitled. This judgment provides, in pertinent part:
 "THIS CAUSE coming before the Court on [Young]'s Motion for Summary Judgment, and the Court having reviewed the Alabama Supreme Court's opinion in Toler v. Baldwin County Savings and Loan Association, [286 Ala. 320,] 239 So.2d 751 [1970], the Court finds . . . [that Young] is legally obligated to repay the life insurance proceeds to the [Estate].
 "Wherefore, the [Estate]'s Motion for Summary Judgment is GRANTED. [Young]'s Motion for Summary Judgment is DENIED. Further, the Court directs the clerk to enter an order of final judgment for [the Estate] pursuant to rule 54(b), [Ala.R.Civ.P.]"
The trial court denied Young's subsequent post-judgment motion without comment, and did not address the issue of damages or other appropriate relief in the order it issued after this court remanded this case, pursuant to Brown v.Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App. 1996).
Although neither Young nor the Estate has questioned this court's appellate jurisdiction in this case, we must first consider whether this court has jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex meromotu." Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211
(Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987)). In pertinent part, Ala. Code 1975, § 12-22-2, provides that an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Rules of Appellate Procedure, "[f]rom any final judgment of the circuit court" (emphasis added).
However, the trial court's summary judgment for the Estateawards no relief. First, the summary judgment does not assess a specific amount of compensatory damages, but states only that Young "is legally obligated to repay the life insurance proceeds" to the Estate. This amount is not determinable from the face of the judgment, but only from extraneous facts. The Alabama Supreme Court has held that "[a] judgment for damages
to be final must . . . be for a sum certain determinable without resort to extraneous facts." Moody v. State ex rel.Payne, 351 So.2d 547, 551 (Ala. 1977) (quoting Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976)). *Page 1008 
Moreover, the judgment does not award punitive damages, interest, or costs to which the Estate may be entitled, nor does it address the Estate's alternative contention that it is entitled to a mortgage upon Young's property. Although the Alabama Supreme Court has previously held that certain claims asserted by a party adversely affected by a judgment (seeMcClure v. Moore, 565 So.2d 8, 11 (Ala. 1990)), or asserted by both parties where the judgment is final in all other respects
(see Hingle v. Gann, 368 So.2d 22, 24 (Ala. 1979)), were denied by the trial courts in those cases, there is no basis for implying an intent to deny the Estate's claims in this case. Here, the judgment failed to address numerous issues concerning the compensatory and punitive damages and other legal and equitable relief potentially inuring to the benefit of the Estate, the prevailing party in this case.
In Ford Motor Co. v. Tunnell, 641 So.2d 1238 (Ala. 1994), the Alabama Supreme Court stated the following pertinent principles governing the finality of judgments under § 12-22-2:
 "This Court has defined a final judgment as 'a terminative decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court. That is, it must be conclusive and certain in itself.' Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623, 625
(Ala. 1976). Further, we had stated: 'All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own.' Jewell, 331 So.2d at 625."
641 So.2d at 1240. The summary judgment in this case does not assess the Estate's damages at all, much less with the conclusiveness and specificity required by Tunnell. "That a judgment is not final when the amount of damages has not been fixed by it is unquestionable." "Automatic" Sprinkler Corp. ofAm. v. B.F. Goodrich Co., 351 So.2d 555, 557 (Ala. 1977).
Moreover, the trial court's direction of entry of a final judgment, pursuant to Rule 54(b), Ala.R.Civ.P., does not alter our analysis. This court has previously held that a summary judgment declaring a party's liability but failing to award damages against that party cannot be "transformed" into a final judgment by the mere entry of an order under Rule 54(b). Alldridge v. Metro Bank, 398 So.2d 314, 317
(Ala.Civ.App. 1981); see also Precision Am. Corp. v. Leasing Serv. Corp.,505 So.2d 380, 381 (Ala. 1987) ("Rule 54(b) does not authorize the entry of final judgment on part of a single claim"; citingTolson v. United States, 732 F.2d 998, 999 (D.C. Cir. 1984)).
We conclude that the trial court's summary judgment for the Estate in this case was inherently nonfinal, and that it could not be transformed into a final judgment by the mere entry of an order under Rule 54(b). "When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu."Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102,300 So.2d 359, 360 (1974). Accordingly, we dismiss Young's appeal. The Estate's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
[1] The Estate's complaint was later amended to name the credit union and CUNA Mutual Insurance Society as additional defendants.
[2] The Estate's claims against the credit union and CUNA Mutual Insurance Society remain pending in the trial court.