Bacadam Outdoor Advertising, Inc., appeals from a partial summary judgment in favor of James Kennard that determined Bacadam's liability on Kennard's claim of detinue, but that failed to assess Kennard's damages. We dismiss the appeal because it was not taken from a "final judgment," as that term is used in § 12-22-2, Ala. Code 1975.
Kennard filed a three-count complaint in the Jefferson County Circuit Court seeking, among other things, an award of compensatory damages and punitive damages based upon Bacadam's alleged trespass upon Kennard's property, its alleged detaining of a billboard that had formerly been on the property, and its alleged conversion of Kennard's personal property to its own use. After Bacadam had answered the complaint, Kennard moved for entry of a partial summary judgment as to Bacadam's liability for trespass, detinue, and conversion, "reserving for future determination the issue of the appropriate amount of compensatory and punitive damages to be awarded as well as interest and attorney's fees." Bacadam filed a response to this motion, as well as a motion for a summary judgment in its favor.
On November 19, 1997, the trial court entered an order granting Bacadam's motion for a summary judgment as to Kennard's conversion, trespass, and detinue claims, and purported to enter a final judgment as to these claims pursuant to Rule 54(b), Ala.R.Civ.P. However, the trial court failed to declare the amount of compensatory and punitive damages to which Kennard is entitled. The trial court denied, without comment, Bacadam's subsequent motion to alter, amend, or vacate that order as to the detinue claim.
In our preliminary examination of the record in this case, we determined that the trial court's partial summary judgment did not comply with Brown v. Whitaker Contracting Corp.,681 So.2d 226 (Ala.Civ.App. 1996), and we remanded the cause for compliance with Brown. In Brown, we held that when a trial court directs the entry of a final judgment on fewer than all claims or as to fewer than all parties, it "should list the factors which it considered in reaching its decision regarding whether to certify the judgment, pursuant to Rule 54(b), in order that the appellate court is better equipped to review the trial court's action." 681 So.2d at 229. On remand, the trial court entered an order that provided as follows:
 "[Kennard]'s Motion for Summary Judgment on the detinue count is granted due to the following factors:
 "[Kennard] was owner and lessor of property upon which [Bacadam] erected and maintained a signboard. The term of this lease expired on December 31, 1996. [Kennard] sent [Bacadam] a notice of expiration together with an invitation to renew the lease. [Bacadam]'s agent offered a verbal renewal of the lease for only a nominal amount. No written renewal lease was ever proffered by [Bacadam] or signed.
 "On January 30, 1997, [Kennard] reminded [Bacadam] that the lease had expired *Page 228 
and the said lease provided that if [Bacadam] had not removed the improvements in 30 days, the improvements would revert to [Kennard].
 "[Bacadam] thereupon removed and has continued to detain the signboard, which under the lease, became the lawful property of [Kennard].
 "Hence, [Kennard] is granted summary judgment against [Bacadam] on the detinue count."
Although neither party has raised any issue concerning this court's jurisdiction in this case, we must first consider whether this court has jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex meromotu.'" Wallace v. Tee Jays Mfg. Co.,689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)). In pertinent part, Ala. Code 1975, § 12-22-2, provides that an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Alabama Rules of Appellate Procedure, "[f]rom any final judgment of the circuit court" (emphasis added).
In Young v. Sandlin, 703 So.2d 1005
(Ala.Civ.App. 1997), this court recently considered whether a summary judgment entered in favor of a plaintiff on a single claim for damages could be made "final" and appealable by a trial court's Rule 54(b), Ala. R.Civ.P., certification, when the summary judgment does not fix the compensatory and punitive damages to which the plaintiff is entitled. In Young, the personal representatives of a decedent's estate brought an action against a landowner (Young) who had purchased a tract of land from the decedent during his lifetime, subject to an existing mortgage, and who had received credit life insurance proceeds allegedly owed to the estate. The trial court in that case entered an order granting the estate's motion for a summary judgment, and directed the entry of a final judgment pursuant to Rule 54(b). This court dismissed the landowner's appeal, reasoning as follows:
 "[T]he trial court's summary judgment for the Estate awards no relief. First, the summary judgment does not assess a specific amount of compensatory damages, but states only that Young `is legally obligated to repay the life insurance proceeds' to the Estate. This amount is not determinable from the face of the judgment, but only from extraneous facts. The Alabama Supreme Court has held that `[a] judgment for damages to be final must . . . be for a sum certain determinable without resort to extraneous facts.' Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977) (quoting Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976)).
 "Moreover, the judgment does not award punitive damages, interest, or costs to which the Estate may be entitled, nor does it address the Estate's alternative contention that it is entitled to a mortgage upon Young's property. . . . [T]he judgment failed to address numerous issues concerning the compensatory and punitive damages and other legal and equitable relief potentially inuring to the benefit of the Estate, the prevailing party in this case.
 "In Ford Motor Co. v. Tunnell, 641 So.2d 1238 (Ala. 1994), the Alabama Supreme Court stated the following pertinent principles governing the finality of judgments under § 12-22-2[, Ala. Code 1975]:
 "`This Court has defined a final judgment as "a terminative decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court. That is, it must be conclusive and certain in itself." Jewell v. Jackson Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976). Further, we had stated: "All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own." Jewell, 331 So.2d at 625.'
 "641 So.2d at 1240. The summary judgment in this case does not assess the Estate's damages at all, much less with the conclusiveness and specificity required by Tunnell. `That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.' "Automatic" Sprinkler Corp. of America v. B.F. *Page 229 Goodrich Co. 351 So.2d 555, 557 (Ala. 1977).
 "Moreover, the trial court's direction of entry of a final judgment, pursuant to Rule 54(b), Ala.R.Civ.P., does not alter our analysis. This court has previously held that a summary judgment declaring a party's liability but failing to award damages against that party cannot be `transformed' into a final judgment by the mere entry of an order under Rule 54(b). Alldridge v. Metro Bank, 398 So.2d 314, 317 (Ala.Civ.App. 1981); see also Precision Am. Corp. v. Leasing Serv. Corp., 505 So.2d 380, 381 (Ala. 1987) (`Rule 54(b) does not authorize the entry of final judgment on part of a single claim'; citing Tolson v. United States, 732 F.2d 998, 999 (D.C. Cir. 1984))."
Young, 703 So.2d at 1007-08 (emphasis original).
Like the summary judgment in Young, the partial summary judgment entered by the trial court in this case, even as supplemented by the trial court's order on remand, does not assess the damages to which Kennard, the prevailing party, is entitled. Pursuant to § 6-6-256, Ala. Code 1975, the trier of fact in a detinue action "must, if it finds for the plaintiff, assess the value of each [detained] article separately, if practicable, and also assess damages for its detention." Seealso 1 Alabama Pattern Jury Instructions (Civil)
12.02, 12.04 (2d ed. 1993) ("alternate value" is to be calculated so that in the event the detained article is not returned to the plaintiff, he/she may then recover that value in lieu of the article); id. at 12.03 ("reasonable value" of detained article's hire or use during wrongful detention to be calculated). The trial court's judgment does not fix these values, and we note that Kennard specifically requested in his summary judgment motion that the issues of damages and other relief be "reserv[ed] for future determination." Accordingly, we conclude that the partial summary judgment in favor of Kennard is not a final judgment that will support an appeal, and that it could not be transformed into a final judgment by the entry of an order under Rule 54(b). "When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu." Young,703 So.2d at 1008 (quoting Powell v. Republic Nat'l Life Ins.Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).
While we must dismiss Bacadam's appeal on this basis, we would also note that the trial court's order on remand failed to comply with Brown v. Whitaker Contracting, supra. In that case, we stated that:
 "[I]n making the determination as to whether a judgment should be certified under Rule 54(b), the trial court should consider any factor that is relevant to that particular case and should list the factors considered in making its determination. The trial court should consider all factors, in addition to the fact that multiple parties and/or multiple claims were involved, that there has been a final decision as to one of the claims and/or the rights and responsibilities of one of the parties, and that there is `no just reason for delay.' The trial court should indicate why it considers that there is `no just reason for delay.'"
681 So.2d at 229 (emphasis added). While the trial court's order on remand provides additional factual background underlying its decision to grant Kennard's motion for a partial summary judgment, it does not "indicate why it considers that there is `no just reason for delay.'" We need not consider the effect of this omission, however, because even if the trial court had disclosed its reasons for entering a final judgment in favor of Kennard on his detinue claim alone, its failure to award any relief on that claim would nonetheless have required dismissal of the appeal under the above authorities.
APPEAL DISMISSED.
CRAWLEY and THOMPSON, JJ., concur.
YATES and MONROE, JJ., concur in the result. *Page 230