PER CURIAM.
In these consolidated appeals, the Alabama Department of Revenue ("ADOR") seeks appellate review of an order entered by the Montgomery Circuit Court, after an ore tenus proceeding, in two judicial-review proceedings[1] initiated by WestPoint *1198 Home, LLC ("WPH"), the successor to two former foreign corporations, WestPoint Stevens, Inc. ("WPS"), and WestPoint Stevens Stores, Inc. ("WPSS"), that had sought refunds from ADOR of certain franchise-tax payments made before the United States Supreme Court held that tax unconstitutional in South Central Bell Telephone Co. v. Alabama, 526 U.S. 160, 119 S.Ct. 1180, 143 L.Ed.2d 258 (1999), rev'g South Central Bell Telephone Co. v. State, 711 So.2d 1005 (Ala. 1998). We dismiss each appeal as not having been taken from a final judgment.
The record reveals that both WPS and WPSS initially filed requests with ADOR for refunds of franchise taxes paid by those entities during the 1996-1998 tax years in November 1998, within two months of the United States Supreme Court's grant of certiorari review in South Central Bell Telephone Co. v. Alabama in September 1998 (see 524 U.S. 981, 119 S.Ct. 30, 141 L.Ed.2d 790 (1998) ). In May 1999, WPS and WPSS filed refund requests as to their 1999 franchise-tax payments; WPSS also filed a refund request as to its 1995 franchise-tax payment, and WPS filed a request seeking refunds of its 1993-1995 franchise-tax payments. All of those petitions were deemed denied as a matter of law six months following their having been filed, see Ala. Code 1975, § 40-2A-7(c)(3), and WPS and WPSS thereafter timely filed notices of appeal to the Administrative Law Division of ADOR in August 2000. See generally Rheem Mfg. Co. v. Alabama Dep't of Revenue, 33 So.3d 1, 2 nn. 1-2 (Ala. Civ. App. 2009) (discussing "deemed denial" and former mechanisms and timeframes for seeking judicial review in the ADOR Administrative Law Division of ADOR denials of tax-refund petitions). The administrative appeals were held in abeyance pending proceedings on remand in South Central Bell and were also delayed by the filing of petitions on behalf of both WPS and WPSS for protection under the United States Bankruptcy Code. WPH purchased the assets of both WPS and WPSS in connection with those bankruptcy matters and filed motions in the administrative appeals to be substituted as the real party in interest. During the administrative proceedings, ADOR opposed the substitution of WPH as a party and averred that the refund claims were barred by judicial estoppel because, ADOR said, they had not been disclosed to the court presiding over the bankruptcy proceedings involving WPS and WPSS. The Administrative Law Division of ADOR entered a final, one-page order on April 10, 2014, denying the motion to substitute and dismissing the refund appeals with prejudice by reference to the arguments advanced by ADOR in its administrative filings.
Pursuant to former Ala. Code 1975, § 40-2A-9(g)(1) a., WPS and WPSS filed separate notices of appeal on April 28, 2014, to the Montgomery Circuit Court seeking de novo review of the decision of the ADOR Administrative Law Division and again sought substitution of WPH as the real party in interest in each matter. ADOR moved to dismiss the appeals because, it said, WPS and WPSS had not timely served the Commissioner of ADOR and the Attorney General. After holding a de novo trial, the circuit judge to whom the cases were initially assigned retired from judicial service, and that judge's successor, after a review of the administrative record and the evidence adduced by the parties in the circuit court, issued a three-page order, which was entered in each case, in February 2017 determining that (a) ADOR was required to provide an adequate remedy at law with respect to the unconstitutional foreign franchise-tax collections *1199 condemned in South Central Bell, (b) the refund petitions were not precluded by applicable law (including judicial estoppel), (c) WPH, as successor to WPS and WPSS, was "entitled to recover an amount claimed in [the] refund petitions along with statutory interest," and (d) the amount due to be awarded to WPH was due to be reduced by $100 per year (i.e., the amount that the circuit court determined that WPS and WPSS would have paid as franchise taxes each year in question had they been domestic corporations). Notably, there is no indication in the order as to precisely what interest, prejudgment or postjudgment, WPH would be entitled to recover on behalf of its predecessors.
ADOR appealed from the trial court's order entered in both appeals. It contends that the trial court erred in granting each of the refund petitions at issue because, it says, the provisions of Rule 4(c)(7), Ala. R. Civ. P., pertaining to service of process upon state agencies was not followed, the refund petitions are barred by the doctrine of judicial estoppel, some of the refund petitions were not timely filed, and WPH failed to prove its damages. It has not contended that WPH is not currently the real party in interest in the two tax-refund cases.
It is a settled jurisprudential principle that an appellate court must initially consider whether it has jurisdiction to hear and decide an appeal: "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). Under Ala. Code 1975, § 12-22-2, an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Alabama Rules of Appellate Procedure, from any final judgment of a circuit court. Although ADOR classifies the trial court's order entered in the appeals taken by WPS and WPSS by and through WPH as such a final judgment, we must conclude that that characterization is not accurate.
In Young v. Sandlin, 703 So.2d 1005 (Ala. Civ. App. 1997), this court considered whether an order entered by a trial court granting a plaintiff's summary-judgment motion was a final judgment. The complaint filed in Young had asserted that credit-life-insurance proceeds had been improperly paid to discharge a debt incurred by someone other than the named insured and had sought compensatory damages of $25,232.09, interest, punitive damages, and costs; the trial court's summary-judgment order, however, simply stated that the recipient was " 'obligated to repay the life insurance proceeds to' " the estate of the deceased named insured without determining the issue of damages or other relief. 703 So.2d at 1007. Although the trial court in Young sought to direct the entry of a final judgment as to its summary-judgment order pursuant to Rule 54(b), Ala. R. Civ. P., this court rejected the premise that a final judgment had thereby been entered:
"However, the trial court's summary judgment for the Estate awards no relief. First, the summary judgment does not assess a specific amount of compensatory damages, but states only that Young 'is legally obligated to repay the life insurance proceeds' to the Estate. This amount is not determinable from the face of the judgment, but only from extraneous facts. The Alabama Supreme Court has held that '[a] judgment for damages to be final must ... be for a sum certain determinable without resort to extraneous facts.' Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977) (quoting Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976) ).
"Moreover, the judgment does not award punitive damages, interest, or *1200 costs to which the Estate may be entitled .... Here, the judgment failed to address numerous issues concerning the compensatory and punitive damages and other legal and equitable relief potentially inuring to the benefit of the Estate, the prevailing party in this case.
"In Ford Motor Co. v. Tunnell, 641 So.2d 1238 (Ala. 1994), the Alabama Supreme Court stated the following pertinent principles governing the finality of judgments under § 12-22-2 :
" 'This Court has defined a final judgment as "a terminative decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court. That is, it must be conclusive and certain in itself." Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976). Further, we had stated: "All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own." Jewell, 331 So.2d at 625.'
" 641 So.2d at 1240. The summary judgment in this case does not assess the Estate's damages at all, much less with the conclusiveness and specificity required by Tunnell. 'That a judgment is not final when the amount of damages has not been fixed by it is unquestionable.' 'Automatic' Sprinkler Corp. of Am. v. B.F. Goodrich Co., 351 So. 2d 555, 557 (Ala. 1977)."
Young, 703 So.2d at 1007-08 (emphasis added and omitted). Accord Bacadam Outdoor Advertising, Inc. v. Kennard, 721 So.2d 226 (Ala. Civ. App. 1998) (dismissing appeal in detinue action when damages due prevailing party had not been specifically determined); Ex parte Bessemer Bd. of Educ., 68 So.3d 782, 787-88 (Ala. 2011) (determining that trial court's order directing certain defendants to pay " 'the correct salary ... calculated in the manner that' " plaintiffs had sought plus interest was not a final judgment that would support an appeal).
In these cases, the trial court has simply stated in its order that WPH, as successor to WPS and WPSS, "is entitled to recover an amount claimed in" the various refund petitions filed by WPS and WPSS, less $100 per year per taxpayer. To determine what those amounts are requires poring over 12 volumes of administrative and judicial records to locate the original refund petitions. Further, the bare reference of the order at issue in these cases to WPH's entitlement to "statutory interest" parallels the order deemed nonfinal in Bessemer Board of Education in that neither order "set the amount of interest or the specific date from which the interest was awarded." 68 So.3d at 788 n.5. We thus readily conclude that the trial court's three-page order does not amount to a conclusive determination of all the issues so as to amount to a final judgment. See Swindle v. Swindle, 157 So.3d 983, 989 (Ala. Civ. App. 2014).
" 'The rationale behind a rule requiring a judgment to be definite and certain is that the rights and liabilities of the parties to the action must be able to be determined, and the unsuccessful party may readily understand and be capable of performing that which he is ordered to do, from the judgment itself. Additionally, a sheriff or other executing officer must know how much money or property to seize in order to satisfy the debt. If the decree or judgment is silent or ambiguous as to the amount, execution would not be proper.' "
Id. (quoting Lenz v. Lenz, 222 Neb. 85, 90-91, 382 N.W.2d 323, 327 (1986) ).
The appeals of ADOR to this court from the trial court's order entered in the de novo judicial-review proceedings initiated *1201 by WPH, as the successor to the rights of WPS and WPSS, are, for the reasons stated herein, dismissed, albeit without prejudice to appellate review of any subsequent final judgment that may be entered by that court in the course of its proceedings after the issuance of this court's certificates of judgment.[2]
2160526-APPEAL DISMISSED.
2160527-APPEAL DISMISSED.
All the judges concur.

The judicial-review proceedings were initiated in April 2014, at which time § 40-2A-9, Ala. Code 1975, governed judicial review by circuit courts of taxpayer-refund claims adjudicated in the first instance by ADOR. Thus, the provisions of § 40-2B-1 et seq., Ala. Code 1975, providing for adjudication of such claims by the Alabama Tax Tribunal, do not apply.

We would here draw particular attention to the candid concession of counsel for WPH in its brief on appeal that all refund claims for tax years preceding 1996 are time-barred.