Rel: November 1, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2023-0819

_____

**Alabama Department of Environmental Management and Lance R. LeFleur, in his official capacity as Director of the Alabama Department of Environmental Management**

**v.**

**Environmental Defense Alliance**

**Appeal from Montgomery Circuit Court**
**(CV-23-900512)**

EDWARDS, Judge.

The Alabama Department of Environmental Management ("ADEM") and Lance R. LeFleur, the director of ADEM ("the Director"), appeal from a judgment entered by the Montgomery Circuit Court ("the

circuit court") purporting to set aside a February 23, 2023, decision issued by ADEM declaring that certain of ADEM's records were exempt from disclosure to the Environmental Defense Alliance ("the Alliance").

On September 14, 2022, counsel for the Alliance requested that ADEM allow the Alliance to inspect and copy the following "writings and records … created subsequent to September 15, 2019":

"(a) draft and final preliminary analyses or discussions of, or preliminary opinions or recommendations for, possible actions to be taken by [ADEM] concerning the development, proposal or adoption of new or revised water quality criteria for toxic pollutants which have or have not been shared between [ADEM] officials or between [ADEM] officials and any entity or person out of [ADEM];

"(b) draft versions of administrative rules intended to establish new or revised water quality criteria for toxic pollutants; [and]

"(c) draft and final memoranda and correspondence, records of telephone conversations and meetings, and electronic mail messages between [ADEM] officials, or between [ADEM] officials and any other entity or person outside of [ADEM], concerning the development, proposal or adoption of new or revised water quality criteria for toxic pollutants."

The Alliance's request continued:

"Pursuant to [Ala.] Admin. Code [(ADEM),] r. 335-1-1-.06(5), if it is determined that any of the requested writings or

2

records will not be provided or that, to the best knowledge of the Director, any of the requested writings or records do not exist, I request to be notified in writing that the request is denied and the reasons for denial. If the reasons for denial are based on a claim of exemption or privilege permitting non-disclosure, I request that you identify the claimed exemption or privilege and provide sufficient information as to the nature of the writings or records withheld from disclosure to permit me to determine the validity of the claim of exemption or privilege."

On November 21, 2022, ADEM responded to the Alliance's September 2022 records request by providing certain documents to the Alliance. ADEM's response also stated, however, that "[n]ot included are internal e-mails that we are withholding as deliberative."

The Open Records Act, Ala. Code 1975, § 36-12-40 et seq., provides a cause of action when a citizen has been denied the "right to inspect and take a copy of any public writing of this state," § 36-12-40, absent a pertinent exception to disclosure. See, e.g., Ex parte Young, 352 So. 3d 1160, 1167 (Ala. 2021). However, rather than filing a complaint against the Director seeking a judicial determination whether ADEM's decision to withhold some of the requested documents was correct under the Open

Records Act,[1] the Alliance filed with ADEM a petition for a declaratory ruling, purportedly pursuant to Ala. Code 1975, § 41-22-11(a), a part of the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq. The petition asked for a ruling whether ADEM

> "may deny a request to inspect and copy 'public writings' pursuant to Ala. Code 1975[,] §§ 36-12-40 and -12-41 or 'official records' pursuant to [Ala.] Admin. Code [(ADEM),] r. 335-1-1-.06 on the basis that the 'public writings' or 'official records' are exempt from disclosure because they are 'internal emails' that are 'deliberative?'"

On February 23, 2023, the Director issued a ruling stating that ADEM could deny such a request, noting that "[t]he right to copy public writings is not without exception" and explaining the basis for his conclusion that a deliberative exception applied to certain records. On March 23, 2023, the Alliance filed with ADEM a notice of appeal to the circuit court pursuant to the AAPA, as well as a cost bond, and the Alliance thereafter filed a petition for review with the circuit court on April 21, 2023. See Ala. Code 1975, § 41-22-20(d) and § 41-22-11(b).

---

[1]As our supreme court stated in Off Campus College Bookstore, Inc. v. University of Alabama in Huntsville, 25 So. 3d 423, 426 (Ala. 2009), a State officer, in his or her official capacity, but not a State agency, can be named as a defendant in a declaratory judgment proceeding.

ADEM filed a brief in response to the Alliance's petition for review, and the Alliance filed a reply brief.

The circuit court held a hearing on the merits of the Alliance's petition on September 26, 2023. On October 6, 2023, the circuit court entered a judgment purporting to grant the substantive relief that the Alliance had requested in its declaratory-ruling request to ADEM. The October 2023 judgment stated:

> "[T]he Court finds that ADEM's February 23, 2023[,] Declaratory Ruling is due to be set aside because it prejudices the substantial rights of the Alliance to inspect and copy internal emails of ADEM that are deliberative under Ala. Code 1975[,] § 36-12-40 and [Ala.] Admin. Code [(ADEM),] r. 335-1-1-.06 and is in violation of the Open Records Act, in excess of ADEM's authority under the Open Records Act, in violation of … r. 335-1-1-.06, or affected by an erroneous interpretation of the Open Records Act and … r. 335-1-1-.06. Accordingly, ADEM's February 23, 2023[,] Declaratory Ruling is hereby SET ASIDE, provided however, that this Order is stayed pending the filing of a timely notice of appeal and during such appeal."

(Capitalization in original.) ADEM and the Director filed a notice of appeal to this court on November 17, 2023, after which this case was orally argued on May 14, 2024, and the parties filed supplemental briefs.

5

We pretermit any discussion of the merits of the issue whether a deliberative exception exists under the Open Records Act and ADEM's administrative rule corresponding to its obligations under that act, i.e., Ala. Admin. Code (ADEM), r. 335-1-1-.06. It is a

> "settled jurisprudential principle that an appellate court must initially consider whether it has jurisdiction to hear and decide an appeal: '[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even <u>ex mero motu</u>.' <u>Nunn v. Baker</u>, 518 So. 2d 711, 712 (Ala. 1987)."

<u>Alabama Dep't of Revenue v. WestPoint Home, LLC</u>, 256 So. 3d 1197, 1199 (Ala. Civ. App. 2018).

> Section 41-22-11(a), Ala. Code 1975, provides that,

> "[o]n the petition of any person substantially affected by a rule, an agency may issue a declaratory ruling with respect to the validity of the rule or with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it or with respect to the meaning and scope of any order of the agency."

Regarding the three subjects for "declaratory rulings" described in § 41-22-11(a), the Alliance's petition to ADEM did not request a ruling as to the validity of any ADEM rule or as to the meaning and scope of any ADEM order, which leaves only the issue whether the Open Records Act,

6

and ADEM's administrative rule corresponding to its obligations under that act, involve a "rule or statute enforceable by [ADEM]" as contemplated by § 41-22-11(a).

ADEM was created for the purpose of enforcing environmental laws pursuant to the Alabama Environmental Management Act, Ala. Code 1975, § 22-22A-1 et seq. See Ala. Code 1975, § 22-22A-2(1) (discussing the creation of ADEM); Ala. Code 1975, § 22-22A-5 (discussing ADEM's powers and functions). Although ADEM is subject to the Open Records Act, as it is to other pertinent laws, ADEM is not charged with the administrative enforcement of that act in the sense contemplated by § 41-22-11(a). Instead, purported violations of the Open Records Act or issues relating to the application of that act to a particular set of facts involve judicially cognizable claims to be addressed by Alabama courts. See, e.g., Ex parte Young, supra; Graham v. Alabama State Emps. Ass'n, 991 So. 2d 710, 714 (Ala. Civ. App. 2007). Thus, ADEM lacked the authority to adjudicate, by declaratory ruling under § 41-22-11(a), whether the Alliance legally was entitled to the requested documents under the Open Records Act or under r. 335-1-1-.06, or whether a

7

deliberative exception existed as to the documents described by the Alliance. See Ex parte City of Florence, 417 So. 2d 191, 194 (Ala. 1982) ("[A]n administrative board or agency is purely a creature of the legislature, and has only those powers conferred upon it by its creator.").[2] In the absence of such authority, the Director could render no decision under § 41-22-11(a) that could be the subject of review by appeal pursuant to § 41-22-20. See Ala. Const. 2022, Art. III, § 42(c) (providing that, "except as expressly directed or permitted in this constitution, … the executive branch may not exercise the legislative or judicial power"). In other words, as a purported adjudication under § 41-22-11(a), the Director's February 2023 ruling was a nullity, and, in turn, the October 2023 judgment entered by the circuit court purporting to address the

---

[2]The Alliance's broad reading of Ala. Code 1975, § 41-22-11(a), as authorizing ADEM to resolve a claim under the Open Records Act, Ala. Code 1975, § 36-12-40 et seq., or ADEM's regulations regarding its obligations under that act would give rise to the issue whether a citizen must pursue that administrative remedy as to an agency governed by the AAPA, see Patterson v. Gladwin Corp., 835 So. 2d 137, 141-42 (Ala. 2002) (discussing exhaustion of administrative remedies), and would require ADEM to use its limited resources to address matters that are only tangentially related to the reason ADEM was created, namely, the enforcement of pertinent environmental laws.

merits of the Alliance's appeal from the Director's February 2023 ruling is void and will not support an appeal to this court. See Jones v. Sears Roebuck & Co., 342 So. 2d 16, 17 (Ala. 1977); see also Redbud Remedies, LLC v. Alabama Med. Cannabis Comm'n, [Ms. CL-2023-0352, Mar. 29, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024).

Based on the foregoing, we dismiss this appeal with instructions to the circuit court to vacate the October 2023 judgment and to enter a judgment dismissing the Alliance's appeal for lack of jurisdiction.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Hanson and Fridy, JJ., concur.

Lewis, J., dissents, without opinion.