PARKER, Justice.
 

 The Aabama Department of Education (“the Department”); Ed Richardson, as superintendent of the Department; Way-land Blake, as the appointed chief financial officer of the Bessemer School System; Marvin Taylor, Sr., Marvin Taylor, Jr., and Michael Taylor, as appointed financial officers of the Bessemer School System; and Alan Stevens, as the appointed chief administrative officer of the Bessemer School System (hereinafter collectively referred to as “the State defendants”) (case no. 1050037),
 
 [1]
 
 and the Bessemer Board of Education (“the Bessemer Board”) and its members in their official capacities (hereinafter collectively referred to as “the Bessemer Board defendants”) (case no. 1041932) separately appealed the trial court’s order in favor of Jean Minor, a teacher in the Bessemer School System. Because the trial court’s order is not final and the Bessemer Board defendants and the State defendants are seeking review of an order denying their claims of immunity,
 
 *786
 
 we treat the appeals as petitions for a writ of mandamus. In case no. 1041932, we deny the Bessemer Board defendants’ petition in part and grant it in part, and, in case no. 1050037, we deny the State defendants’ petition in part and grant it in part.
 

 Facts and Procedural History
 

 In March 2000, the Alabama State Board of Education assumed control over the finances of the Bessemer School System. The State Board of Education authorized Richardson, as superintendent of the Department, to appoint a chief financial officer for the Bessemer School System under § 16-6B-4, Ala.Code 1975. Richardson appointed Blake to that position. In May 2000, the Alabama Legislature enacted § 16-22-13.1, Ala.Code 1975, which provided percentage pay increases for public-education employees based on the employee’s number of years of experience. The pay increases were effective for the fiscal year beginning October 1, 2000. At that time, Minor was employed as a teacher by the Bessemer Board. Under the statute, Minor’s years of experience entitled her to a 5.5% pay increase. Marvin Taylor, Sr., an appointed financial officer of the Bessemer School System, determined the method to be used in calculating the salary increases for the teachers employed by the Bessemer Board, and the teachers were paid accordingly. On March 11, 2004, the State Board of Education returned all financial control of the Bessemer School System to the Bessemer Board.
 

 In 2001, Minor, individually and on behalf of other similarly situated employees, sued the State defendants and the Bessemer Board defendants, claiming that her statutory pay raise had been miscalculated.
 
 [2]
 
 Minor sought backpay for the 2000-2001 fiscal year and sought to have the amount of her pay recalculated for ensuing years. Minor also made a general allegation that she had been denied “due process of law” and requested “relief pursuant to 42 U.S.C. § 1983, including attorneys’ fees per 42 U.S.C. § 1988.”
 

 The Bessemer Board defendants and the State defendants moved to dismiss the complaint or for a summary judgment. They contended that they are entitled to immunity from Minor’s action and that the teachers’ pay increase was computed correctly. Minor also moved for a summary judgment.
 

 On March 8, 2005, the trial court entered an order dismissing all claims against the Bessemer Board defendants on the basis of sovereign immunity. On March 11, 2005, the trial court entered a summary judgment in favor of Marvin Taylor, Sr., Marvin Taylor, Jr., Michael Taylor, and Wayland Blake on the bases of sovereign immunity and qualified immunity. On March 29, 2005, the trial court entered an order in the case-action summary declaring that the March 8, 2005, order should be considered a “final order” as to all claims and all parties.
 

 On April 6, 2005, Minor moved “to alter or amend the judgment.” On April 23, 2005, the trial court granted Minor’s motion, entered a judgment in favor of Minor, and vacated “the judgment(s) previously entered in this case during March 2005.”
 

 In the April 23, 2005, order, the trial court recognized that “the [Bessemer Board] as a legal entity is and always has been the employer and the entity with the legal obligation to pay [Minor] the correct
 
 *787
 
 salary.” The trial court explained that based on
 
 Alabama Agricultural & Mechanical University v. Jones,
 
 895 So.2d 867 (Ala.2004), the Bessemer Board defendants were not entitled to immunity because, it reasoned, the Bessemer Board had no discretion to refuse to pay Minor the appropriate salary increase under § 16-22-13.1, Ala.Code 1975, and because Minor was seeking “a liquidated measure of money.” The trial court held that “the claims against the individual defendants in their individual capacities do not need to be addressed; those claims are moot, in that no additional relief would be awarded against the individual-capacity defendants that is not being awarded against the [Bessemer Board] and the defendants in their official capacities.” The trial court ordered
 

 “[the Bessemer Board], and the individual defendants in their official capacities, to pay Plaintiff Jean Minor the correct salary (i.e., calculated in the manner that Plaintiffs seek) for fiscal years 2000-2001 and 2001-2002, plus interest from the date such money was owed. It is the Court’s understanding from the summary judgment submissions that the principal amount for each of those years is approximately $552; if the parties are unable to agree on the calculation of the exact amount, and the amount of interest, the Court will resolve that dispute on appropriate motion.”
 

 The trial court also noted that
 

 “the issue of class certification is pending for decision.[
 
 3
 
 ] In expectation of a decision on that issue, and in order to expedite a final judgment in this case, the court orders the parties to promptly engage in the necessary discovery and exchange of information necessary to reach a stipulation, if at all possible, on the amount of relief that would be awarded to other class members if the class is certified.”
 

 The order did not specifically mention the State defendants.
 

 On May 9, 2005, the Bessemer Board defendants filed a motion to alter, amend, or vacate the April 23, 2005, order. On May 23, 2005, the State defendants filed a motion to alter, amend, or vacate the April 23, 2005, order. The trial court did not rule on either motion.
 

 On September 23, 2005, the State defendants moved to amend the trial court’s April 23, 2005, order
 
 nunc pro tunc
 
 to reflect whether the trial court’s March 11, 2005, order remained a final order as to the State defendants. That motion stated that the April 23, 2005, order appeared to enter a judgment against only the Bessemer Board defendants. The trial court did not rule on that motion.
 

 On September 21, 2005, the Bessemer Board defendants filed a notice of appeal to this Court from the trial court’s April 23, 2005, order (case no. 1041932). The State defendants filed a notice of appeal to this Court from that same order on September 30, 2005 (case no. 1050037).
 
 [4]
 
 We have consolidated those appeals for the purpose of writing one opinion, and as stated earlier we are treating the appeals,
 
 *788
 
 which challenge an order denying claims of immunity, as petitions for a writ of mandamus.
 

 Standard of Review
 

 The standard of review applicable to a petition for a writ of mandamus is well settled:
 

 “ ‘Mandamus is an extraordinary remedy and requires a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
 
 Ex parte Edgar,
 
 543 So.2d 682, 684 (Ala.1989);
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991);
 
 Ex parte Johnson,
 
 638 So.2d 772, 773 (Ala.1994).’
 
 Ex parte Gates,
 
 675 So.2d 371, 374 (Ala.1996). See also
 
 Ex parte Waites,
 
 736 So.2d 550, 553 (Ala.1999).”
 

 Ex parte Inverness Constr. Co.,
 
 775 So.2d 153, 156 (Ala.2000). In reviewing a trial court’s application of the law to undisputed facts, we apply a de novo standard of review.
 
 Ex parte J.E.,
 
 1 So.3d 1002, 1008 (Ala.2008).
 

 Discussion
 

 The Bessemer Board defendants and the State defendants argue that the trial court erred in refusing to grant them immunity from liability in Minor’s action against them. Minor responds that the appeals should be dismissed because, she says, the trial court’s April 23, 2005, order did not constitute a final judgment and, thus, was not appealable.
 

 We agree that the trial court’s April 23, 2005, order did not constitute a final judgment, but, because they challenge an order denying a claim of immunity, we are treating the appeals as petitions for a writ of mandamus.
 
 [5]
 

 This Court has held that the manner in which a party styles its request for relief is not determinative, and, when appropriate, we have treated a filing, although in the form of an appeal, as a petition for a writ of mandamus. See, e.g.,
 
 *789
 

 Morrison Rests., Inc. v. Homestead Village of Fairhope, Ltd.,
 
 710 So.2d 905 (Ala.1998). Furthermore, “a petition for a writ of mandamus is an appropriate means for seeking review of an order denying a claim of immunity.”
 
 Ex parte Butts,
 
 775 So.2d 173, 176 (Ala.2000) (citing
 
 Ex parte Alabama Dep’t of Forensic Sciences,
 
 709 So.2d 455 (Ala.1997)). Accordingly, in the present case, we treat the appeals as petitions for a writ of mandamus.
 

 The Bessemer Board defendants and the State defendants argue that under Art. I, § 14, Ala. Const. 1901, they are entitled to immunity from Minor’s state-law claim that her statutory pay increase was miscalculated. Article I, § 14, Ala. Const. 1901, provides that “the State of Aabama shall never be made a defendant in any court of law or equity.” “Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state.... ”
 
 Ex parte Tuscaloosa County,
 
 796 So.2d 1100, 1103 (Ala.2000). Local school boards are agencies of the State, not of the local governmental units they serve, and they are entitled to the same absolute immunity as other agencies of the State.
 
 Ex parte Hale County Bd. of Educ.,
 
 14 So.3d 844, 848-49 (Ala.2009).
 

 In
 
 Alabama Department of Transportation v. Harbert International, Inc.,
 
 990 So.2d 831 (Ala.2008), this Court held: “Not only is the State immune from suit under § 14, but ‘[t]he State cannot be sued indirectly by suing an officer in his or her official capacity....’” 990 So.2d at 839 (quoting
 
 Lyons v. River Road Constr., Inc.,
 
 858 So.2d 257, 261 (Ala.2003)). This Court further held:
 

 “The immunity afforded State officers sued in their official capacities, however, is not unlimited:
 

 “ ‘[Section 14] immunity from suit does not extend, in all instances, to officers of the State acting in their official capacity.
 
 Unzicker v. State,
 
 346 So.2d 931 (Ala.1977). In limited circumstances the writ of mandamus will lie to require action of state officials. This is true where discretion is exhausted and that which remains to be done is a ministerial act. See
 
 Hardin v. Fullilove Excavating Co., Inc.,
 
 353 So.2d 779 (Ala.1977);
 
 Tennessee & Coosa R.R. Co. v. Moore,
 
 36 Aa. 371 (1860). Action may be enjoined if illegal, fraudulent, unauthorized, done in bad faith or under a mistaken interpretation of law.
 
 Wallace v. Board of Education of Montgomery Co.,
 
 280 Aa. 635, 197 So.2d 428 (1967). If judgment or discretion is abused, and exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. The writ will not lie to direct the manner of exercising discretion and neither will it lie to compel the performance of a duty in a certain manner where the performance of that duty rests upon an ascertainment of facts, or the existence of conditions, to be determined by an officer in his judgment or discretion. See
 
 Barnes v. State,
 
 274 Ala. 705, 151 So.2d 619 (1963).’
 

 “McDowell-Purcell, Inc. v. Bass,
 
 370 So.2d 942, 944 (Ala.1979).
 

 “Moreover, certain causes of action are not barred by § 14:
 

 “ ‘
 
 “There are four general categories of actions which in
 
 Aland v. Graham,
 
 287 Ala. 226, 250 So.2d 677 (1971), we stated do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to
 
 *790
 
 perform ministerial acts; and (4) actions brought under the Declaratory-Judgments Act ... seeking construction of a statute and its application in a given situation. 287 Ala. at 229-230, 250 So.2d 677. Other actions which are not prohibited by § 14 are: (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.
 
 Wallace v. Board of Education of Montgomery County, ...
 
 280 Ala. [635] at 639, 197 So.2d 428 [ (1967) ];
 
 Unzicker v. State,
 
 346 So.2d 931, 933 (Ala.1977);
 
 Engelhardt v. Jenkins,
 
 273 Ala. 352, 141 So.2d 193 (1962).” ’
 

 “Drummond Co. v. Alabama Dep’t of Transp.,
 
 937 So.2d 56, 58 (Ala.2006) (quoting
 
 [Ex parte
 
 ]
 
 Carter,
 
 395 So.2d [65,] 68 [ (Ala.1980) ]) (emphasis omitted). These actions are sometimes referred to as ‘exceptions’ to § 14; however, in actuality these actions are simply not considered to be actions ‘“against the State” for § 14 purposes.’
 
 Patterson v. Gladwin Corp.,
 
 835 So.2d 137, 142 (Ala.2002). This Court has qualified those ‘exceptions,’ noting that ‘ “[a]n action
 
 is
 
 one against the [S]tate when a favorable result for the plaintiff would directly affect a
 
 contract
 
 or property
 
 right
 
 of the State, or would result in the plaintiffs recovery of money from the [S]tate.”’
 
 Alabama Agric. & Mech. Univ. v. Jones,
 
 895 So.2d 867, 873 (Ala.2004) (quoting
 
 Shoals Cmty. Coll. v. Colagross,
 
 674 So.2d 1311, 1314 (Ala.Civ.App.1995)) (emphasis added in Jones).”
 

 Alabama Dep’t of Transp.,
 
 990 So.2d at 839-40. Furthermore, the “exceptions” to § 14 immunity extend only to suits against a proper State official in his or her representative capacity, not the State agency.
 
 Id.
 
 at 840-41.
 

 In the present case, the Bessemer Board is an agency of the State and is entitled to absolute immunity. No “exception” to § 14 immunity applies to the Bessemer Board itself. Therefore, in the present situation, the trial court did not have jurisdiction to enter a judgment against the Bessemer Board concerning Minor’s state-law claim that her statutory pay increase was miscalculated. Therefore, in case no. 1041932, we grant the petition as to the Bessemer Board and issue the writ directing the trial court to dismiss Minor’s state-law claim against the Bessemer Board.
 

 However, regarding the Bessemer Board members in their official capacities, Minor is entitled to bring an action to compel them to perform their legal duty or to perform a ministerial act. In the present case, it is undisputed that the Bessemer Board members have a statutory duty to pay Minor the appropriate salary increase under § 16-22-13.1, Ala.Code 1975. That statute specifically provides that a public school teacher with Minor’s years of experience being paid under the State minimum-salary schedule shall receive a 5.5% increase in salary beginning with the fiscal year 2000-2001. The basis for this calculation is at issue in this lawsuit. The amount of the salary increase the Bessemer Board members must pay Minor involves obedience to the statute; it does not involve any discretion. The Bessemer Board members have a legal duty to pay Minor the correctly calculated salary increase under the statute and in doing so they are performing a ministerial act. Therefore, Minor’s action against the Bessemer Board members in their official ca
 
 *791
 
 pacities is not an action “against the State” for § 14 purposes; thus, the Bessemer Board members are not entitled to § 14 immunity from Minor’s action to compel them to fulfill their statutory duty to pay her the appropriate salary increase. Accordingly, we deny the petition for a writ of mandamus as to the Bessemer Board members in their official capacities.
 

 Regarding the State defendants, it is unclear whether the trial court’s April 23, 2005, order entered a judgment against them. As the trial court correctly recognized, “the [Bessemer Board] as a legal entity is and always has been the employer and the entity with the legal obligation to pay [Minor] the correct salary.” Furthermore, it is undisputed that the State Board of Education has returned all financial control of the Bessemer School System to the Bessemer Board. Like the Bessemer Board, the Department, as an arm or agency of the State, is clearly entitled to absolute immunity. Concerning the individual State defendants, they do not have any power or any legal duty to provide Minor with the relief she requests; thus, they cannot be compelled to do so. They do not fall within any of the “exceptions” to § 14 immunity. Minor cannot sue the State indirectly by suing the individual State defendants in their official capacities. Therefore, the individual State defendants are entitled to immunity from Minor’s state-law claim that her statutory pay increase was miscalculated. Accordingly, to the extent that the trial court’s order entered a judgment against the State defendants, we grant the State defendants’ petition and issue the writ directing the trial court to dismiss Minor’s state-law claim against the State defendants.
 

 The Bessemer Board members also ask this Court to determine the correct amount of the statutory pay increase if we conclude that they are not immune from Minor’s action. However, the Bessemer Board members’ petition for a writ of mandamus is not an appropriate means for seeking such a determination. As noted earlier, the trial court has not entered a final judgment regarding that issue (see supra note 5); thus, an appeal of the trial court’s judgment concerning that issue cannot lie. At this time, we decide only the immunity issues and make no determination concerning the proper amount of Minor’s statutory pay increase. A direct appeal from the trial court’s judgment when it becomes final is an adequate remedy for an adverse ruling concerning that issue.
 

 Finally, a general, undefined 42 U.S.C. § 1983 claim was included in the original complaint. In the trial court’s April 23, 2005, order, the trial court stated that the “defendants” are not immune from the nonspecific § 1983 claim; however, the order only compelled the fulfillment of a statutory duty and did not ground any relief on the § 1983 claim; thus, the trial court did not reach the § 1983 claim. Therefore, that claim, apparently still pending, is not before us on the State defendants’ and the Bessemer Board defendants’ petitions for a writ of mandamus concerning the trial court’s April 23, 2005, order. To the extent either set of petitioners request relief from this Court at this time concerning this claim, the petitions are denied.
 

 Conclusion
 

 Based on the foregoing, in case no. 1041932, we deny the petition as to the Bessemer Board members in their official capacities and to the extent the Bessemer Board itself requests relief from Minor’s § 1983 claim. However, the Bessemer Board has established that it is entitled to immunity on Minor’s claim that her statutory pay increase was miscalculated; therefore, we grant the petition as to the
 
 *792
 
 Bessemer Board and direct the trial court to dismiss that claim against the Bessemer Board.
 

 In case no. 1050037, the State defendants have established that they are entitled to immunity on Minor’s claim that her statutory pay increase was miscalculated; therefore, we grant the petition as to the State defendants and direct the trial court to dismiss that claim against the State defendants. However, we deny the petition to the extent it requests relief from Minor’s § 1983 claim.
 

 1041932 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
 

 1050037 — PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
 

 COBB, C.J., and WOODALL, STUART, BOLIN, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . Dr. Joseph B. Morton succeeded Ed Richardson as superintendent of the Department in 2004; it is unclear whether the named officials of the Bessemer School System still occupy those positions. However, Rule 25(d), Ala. R. Civ. P., and Rule 43(b), Ala. R.App. P., provide that if a public officer is a party to an action or an appeal in an official capacity and the officer ceases to hold office during the pendency of the action or the appeal, the officer’s successor is automatically substituted as a party.
 

 [2]
 

 . Originally, this lawsuit involved other plaintiffs and raised issues concerning transfer, termination, and tenure of teachers in the Bessemer School System. This Court decided those issues in
 
 Richardson v. Terry,
 
 893 So.2d 277 (Ala.2004). The claim involving the calculation of the pay increase is the only claim that remains to be resolved.
 

 [3]
 

 . Contra Rule 23(c)(1), Ala. R. Civ. P. ("As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.").
 

 [4]
 

 . Minor’s Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment was filed by "Plaintiff Jean Minor, on behalf of herself and others similarly situated,” i.e., the purported class. The trial court’s last order provided relief for Minor alone, while purporting to hold the issue of class certification for further resolution. Thus, Minor alone, out of the named plaintiffs in the original complaint, is the only plaintiff before this Court.
 

 [5]
 

 . To constitute a final judgment:
 

 "All matters should be decided; damages should be assessed with specificity leaving the parties with nothing to determine on their own. A judgment for
 
 damages
 
 to be final must, therefore, be for a sum certain determinable without resort to extraneous facts.
 
 Gandy v. Hagler,
 
 [245 Ala. 167, 16 So.2d 305 (1944)];
 
 Drane v. King,
 
 21 Ala. 556 [(1852)] (‘Without resort to any extraneous fact, we can ascertain the precise amount of this recovery. It is therefore certain; for
 
 "id cerium est quod certum reddi potest "
 
 [that is certain which may be rendered certain].') ]."
 

 Jewell v. Jackson & Whitsitt Cotton Co.,
 
 331 So.2d 623, 625 (Ala.1976); see also
 
 Certain Underwriters at Lloyd's, London v. Southern Natural Gas Co.,
 
 939 So.2d 21, 27-28 (Ala.2006) (holding that a judgment is not final when the amount of damages has not been fixed).
 

 In the present case, the trial court’s April 23, 2005, order does not specifically establish the amount due under the statute, and it explicitly states that "if the parties are unable to agree on the calculation of the exact amount, and the amount of interest, the Court will resolve that dispute on appropriate motion”; thus, it leaves the parties with something to determine on their own and leaves open the possibility of further action by the trial court. Furthermore, the order awarded prejudgment interest but did not set the amount of interest or the specific date from which the interest was awarded. See
 
 Cinerama, Inc. v. Sweet Music,
 
 S.A., 482 F.2d 66, 69 (2d Cir.1973) (holding that a judgment that determined part of the damages (the principal amount) but did not determine the amount of prejudgment interest was not a final judgment) (cited with approval in
 
 Precision American Corp. v. Leasing Serv. Corp.,
 
 505 So.2d 380, 381-82 (Ala.1987)). Therefore, the trial court’s April 23, 2005, order did not constitute a final judgment.