STUART, Justice.
The Boaz City Board of Education (“the Board”) and its members Alan Perry, Fran Milwee, Roger Adams, Alan Davis, and Tony G. King (hereinafter referred to collectively as “the Board members”) petition this Court for a writ of mandamus directing the Marshall Circuit Court to vacate its order denying their motion to dismiss the claims filed against them by Lisa Tar-vin and Donnie Tarvin and to enter an order dismissing with prejudice the claims against them. We grant the petition and issue the writ.

Factual Background and Procedural History

According to the complaint, on or about December 18, 2009, Leland Dishman, the superintendent for the Board, struck Lisa Tarvin, a kindergarten teacher, with a paddle. On or about April 1, 2010, Dishman read a statement at a press conference, denying that the incident occurred. On January 5, 2011, Lisa Tarvin and Donnie Tarvin sued the Board, the Board members in their official capacities, and Dish-man in his individual capacity, alleging claims of assault and/or battery, defamation, libel, and slander and seeking monetary damages. The Board and the Board members moved to dismiss the claims against them, arguing that they were immune from suit under the doctrine of State immunity. On June 30, 2011, the Marshall Circuit Court denied the motion. The Board and the Board members petition this Court for a writ of mandamus directing the Marshall Circuit Court to vacate the June 30, 2011, order and to enter an order dismissing the claims against them with prejudice.

Standard of Review

“ ‘ “It is well established that mandamus will lie to compel a dismissal of claim that is barred by the doctrine of sovereign immunity.” Ex parte Blankenship, 893 So.2d 303, 305 (Ala.2004).
“ ‘ “A writ of mandamus is a
“ ‘ “ ‘drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Wood, 852 So.2d 705, 708 (Ala.2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)).
“ ‘ “ ‘[I]f an action is an action against the State within the meaning of § 14, such a case “presents a question of subject-matter jurisdiction, which cannot be waived or conferred by consent.” ’ Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004) (quoting Patterson v. Gladwin Corp., 835 So.2d 137, 142-43 (Ala.2002)). ‘Therefore, a court’s failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus.’ Ex parte Alabama Dep’t of Mental Health & Retardation, 837 So.2d 808, 810-11 (Ala.2002).”
“ ‘Ex parte Davis, 930 So.2d 497, 499-500 (Ala.2005).’
“Ex parte Lawley, 38 So.3d 41, 44-45 (Ala.2009).”
*662 Ex parte Phenix City Bd. of Educ., 67 So.3d 66, 59 (Ala.2011).

Discussion

The Board contends, and the Tar-vins in their answer filed in this Court do not dispute, that the Board enjoys immunity, pursuant to Art. I, § 14, Ada. Const. 1901, from the tort claims alleged against it. See Ex parte Bessemer Bd. of Educ., 68 So.3d 782, 789 (Ala.2011) (“Local school boards are agencies of the State, not of the local governmental units they serve, and they are entitled to the same absolute immunity as other agencies of the State.”); Ex parte Phenix City Bd. of Educ., 67 So.3d at 60 (“City boards of education are local agencies of the State....); and Ex parte Monroe County Bd. of Educ., 48 So.3d 621, 625 (Ala.2010) (“The [Monroe County Board of Education] is a local agency of the State that has absolute immunity under Ala. Const, of 1901, § 14.”). Accordingly, the claims against the Board are barred by Art. I, § 14, Ala. Const.1901.
The Board members contend, and the Tarvins in their answer filed in this Court do not dispute, that the tort claims alleged against the Board members in their official capacities requesting money damages also are due to be dismissed because the Board members enjoy the same constitutional immunity as does the Board. Ex parte Bessemer Bd. of Educ., 68 So.3d at 789 (“ ‘Not only is the State immune from suit under § 14, but “the State cannot be sued indirectly by suing an officer in his or her official capacity.” ’ ” (quoting Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 839 (Ala.2008))); and Ex parte Dangerfield, 49 So.3d 675, 681 (Ala.2010) (holding that all claims against a state official in his or her official capacity for damages are barred by the doctrine of immunity). Accordingly, the claims against the Board members are barred by Art. I, § 14, Ala. Const.1901.

Conclusion

Because the Board and the Board members have demonstrated that under Art. I, § 14, Ala. Const.1901, they have immunity from the claims asserted against them, they have established a clear legal right to have the claims against them dismissed with prejudice. Therefore, we grant the petition and issue a writ directing the Marshall Circuit Court to vacate its order denying the motion to dismiss filed by the Board and the Board members and to enter an order dismissing with prejudice the claims asserted against the Board and the Board members.
PETITION GRANTED; WRIT ISSUED.
MALONE, C.J., and PARKER, SHAW, and WISE, JJ., concur.