SELLERS, Justice.
George Bates and David Joyner appeal from an order of the Etowah Circuit Court approving a final judicial accounting of the administration of a trust pursuant to § 19-3B-205, Ala. Code 1975. We dismiss the appeal.
The underlying facts of this case are detailed in Bates v. Stewart, 99 So.3d 837 (Ala. 2012), in which this Court consolidated *73 several appellate proceedings for the purposes of issuing one opinion. The underlying facts of the Bates opinion, as well as of this appeal, stem from a global settlement agreement approved by the Etowah Circuit Court in connection with a toxic-tort action commenced in 1996 by over 3,500 plaintiffs against, among others, Monsanto Company ("the Monsanto litigation"). The plaintiffs in the Monsanto litigation were represented by Donald W. Stewart ("Stewart") and the New York law firm of Kasowitz, Benson, Torres & Friedman, LLP ("Kasowitz"). In 2003, the parties reached a settlement of $300 million, which the trial court approved. The settlement agreement provided, among other things, that a specific amount of the settlement proceeds
"was to be placed into a trust (hereinafter referred as 'the Abernathy trust') established to pay health-care and educational benefits to [the plaintiffs] who qualified for assistance with medical treatment and other health-care services and/or who qualified for assistance with educational grants, scholarships, or loans, and $14 million was to paid as attorney fees."
Bates, 99 So.3d at 840. The settlement agreement was incorporated into the final judgment, which provided that the trial court retained continuing jurisdiction over the Monsanto litigation for the purpose of enforcing the settlement agreement. Stewart actually formed the trust required by the settlement agreement to be "established to pay health-care and educational benefits" to the plaintiffs ("the Abernathy trust") and served as its trustee.
In Bates, this Court addressed the issue whether the trial court had erred in dismissing Bates and Joyner's claim seeking an accounting of the administration of the Abernathy trust pursuant to § 19-3B-205, Ala. Code 1975. This Court concluded that, under § 19-3B-205(a), Bates and Joyner, as beneficiaries of the Abernathy trust, had a right to bring an action seeking an accounting of the administration of the Abernathy trust. Accordingly, this Court held that the trial court's dismissal of the claim seeking an accounting of the administration of the trust was error, and we remanded the case for further proceedings.
This Court also addressed in Bates a petition for a writ of mandamus filed by Stewart and Kasowitz relating to an order entered by the trial court on August 22, 2011. The mandamus petition stemmed from a motion filed by additional plaintiffs in the Monsanto litigation ("the Adams plaintiffs"). The Adams plaintiffs had filed in the trial court a "motion to intervene as plaintiffs and for an accounting and other relief." In their motion, the Adams plaintiffs sought to reopen the 2003 judgment entered in the Monsanto litigation and requested, among other things, an accounting of the funds in settlement of the Monsanto litigation, including the attorney fees awarded and the distributions from the Abernathy trust. On August 22, 2011, the trial court entered an order that, among other things, scheduled a hearing on the reasonableness of the attorney-fee award in the 2003 judgment, ordered the unsealing of certain records that Stewart and Kasowitz contended would disclose medical and financial information relating to the plaintiffs in the Monsanto litigation, and froze distributions from the Abernathy trust. Stewart and Kasowitz asked this Court to direct the trial court to vacate the August 22 order on the basis that the trial court lacked the authority under Rule 60(b), Ala. R. Civ. P., to reopen the 2003 judgment because the motion seeking to reopen the judgment was filed far beyond a reasonable time. This Court granted the petition for a writ of mandamus as to all portions of the August 22 order except *74 "that portion in which the trial court sought to review the Abernathy trust documents to see if they comport with the terms of the settlement agreement." Bates, 99 So.3d at 854-55. We noted that the trial court had continuing jurisdiction to review the Abernathy trust documents for this stated reason, but "no more." 99 So.3d at 854.
On remand, Stewart and Kasowitz filed with the trial court this Court's opinion in Bates, the trust declaration, and the settlement agreement. The trial court ultimately entered an order, concluding that the Abernathy trust had been established in accordance with the terms of the settlement agreement. The Adams plaintiffs appealed, and this Court affirmed, without an opinion. See Abernathy v. Monsanto Co., 210 So.3d 1083 (Ala. 2015) (table).
On December 16, 2015, Stewart and Kasowitz moved the trial court to disburse the remaining funds in the Abernathy trust, to approve the final judicial accounting of the administration of the Abernathy trust, and to dismiss the action with prejudice. Bates and Joyner filed several motions, as well as a petition for interim attorney fees. The trial court held a hearing on all pending motions and, on April 26, 2017, entered an order approving the final judicial accounting. The trial court further denied motions filed by Bates and Joyner, including their petition for interim attorney fees. This appeal followed.
On appeal, Bates and Joyner argue that the trust formed by Stewart was not authorized, that the trust accounting could not, as the defendants below requested, be lawfully filed under seal, and that the trial court erred in denying their petition for interim attorney fees. It appears that the first two issues are not responsive to the trial court's order, which approves the final judicial accounting. However, because of its jurisdictional implications, we first address Stewart and Kasowitz's argument, as explained in detail in their motion to dismiss this appeal, that the trial court's April 26, 2017, order is not a final order pursuant to Rule 54(b), Ala. R. Civ. P. The trial court's order, approving the final judicial accounting, states, in pertinent part:
"3. After payment of any remaining debts of the Abernathy Trust, the Abernathy Trust funds are due to be disbursed according to [Stewart and Kasowitz's] Motion to Disburse Remaining Trust Funds, Approve the Final Judicial Accounting, and Dismiss this Action with Prejudice and [Stewart and Kasowitz's] Supplementation of Motion to Disburse Remaining Trust Funds, Approve the Final Judicial Accounting, and Dismiss this Action with Prejudice to the Saks, Wellborn and Anniston City School Systems in such amounts as the Trustee shall designate in his discretion. Upon written notice by the Trustee to the Court indicating that all Trust business has been concluded, this Court finds that this action is due to be dismissed with prejudice.
"4. [Bates and Joyner's] Petition for Interim Attorney's Fees is not well taken and is, therefore, due to be denied.
"....
"THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED by the Court that [Bates and Joyner's] Motion to Reconsider, Rescind or Set Aside the Court's Order of February 3, 2017, is DENIED; the Judicial Accountings pursuant to Ala. Code [1975,] § 19-3B-205 [,] are hereby APPROVED; after payment of any remaining debts of the Abernathy Trust, the remaining Abernathy Trust funds shall be disbursed, according to the Trustee's discretion, to the Saks, Wellborn and Anniston City School Systems in such amounts as the Trustee shall *75 designate; and upon written notice by the Trustee to the Court indicating that all Trust business has been concluded, this case shall be dismissed as to all Defendants with prejudice.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that, upon filing written notice that the remaining debts of the Abernathy Trust have been paid and all remaining funds have been disbursed to the school systems identified above, Donald W. Stewart will have completed his role of Trustee and that he will be due to be dismissed and discharged as Trustee and that he will be due to be dismissed and discharged of all duties and any and all liability as Trustee of the Abernathy Trust Foundation and said Trust shall be closed.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that [Bates and Joyner's] Petition for Interim Attorney's Fees is hereby DENIED ...."
(Capitalization in original; emphasis added.)
The trial court did not certify its order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., which requires "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." Moreover, the trial court's order contemplates that the case will not be dismissed against all defendants, with prejudice, until and unless Stewart, the trustee, certifies to the court in writing that all trust business has been concluded. When the trial court entered the April 26, 2017, order, Stewart had not paid the remaining debts of the Abernathy trust, he had not disbursed the remaining funds in the trust, he had not filed any written notice with the trial court indicating that the trust business had been concluded, and he had not been dismissed as trustee of the trust. Although the order states that the trust funds are due to be disbursed in such amounts as Stewart, the trustee, may designate in his discretion, the order leaves open other possible disputes concerning the manner in which Stewart exercises his discretion in disbursing the remaining funds and/or in paying the debts of the Abernathy trust.
Because the trial court did not certify its order as final pursuant to Rule 54(b) and because its order contemplates further action on behalf of the trustee, the order is not a final appealable order. See Ex parte Bessemer Bd. of Educ., 68 So.3d 782, 788 n.5 (Ala. 2011) (noting that an order that "leaves the parties with something to determine on their own and leaves open the possibility of further action by the trial court" is not a final order). Accordingly, this Court lacks jurisdiction to entertain Bates and Joyner's appeal.
APPEAL DISMISSED.
Stuart, C.J., and Parker, Shaw, and Wise, JJ., concur.